IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| K.T.B., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No: 3:20-CV-110-MSH |
| | : | Social Security Appeal |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

_____

## ORDER

The Social Security Commissioner, by adoption of the Administrative Law Judge's ("ALJ's") determination, denied Plaintiff's applications for supplemental security income and disability insurance benefits, finding that she is not disabled within the meaning of the Social Security Act and accompanying regulations. Plaintiff contends that the Commissioner's decision was in error and seeks review under the relevant provisions of 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). All administrative remedies have been exhausted. Both parties filed their written consents for all proceedings to be conducted by the United States Magistrate Judge, including the entry of final judgment directly appealable to the Eleventh Circuit of Appeals pursuant to 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The Court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996, 1000 (11th Cir. 1987) (per curiam).

"Substantial evidence is something more than a mere scintilla, but less than a preponderance. If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (internal quotation marks omitted). The Court's role in reviewing claims brought under the Social Security Act is a narrow one. The Court may neither decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Moore v. Barnhart*, 405 F. 3d 1208, 1211 (11th Cir. 2005) (per curiam). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (per curiam).[2] The Court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.*

The claimant bears the initial burden of proving that she is unable to perform her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986) (per curiam). The claimant's "burden is a heavy one, so stringent that it has been described as bordering on the unrealistic." *Oldham v. Schweiker*, 660 F.2d 1078, 1083 (5th Cir. 1981). A claimant

---

[1] Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986) (per curiam); *see also Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decision of the former Fifth Circuit rendered prior to October 1, 1981.

seeking Social Security disability benefits or supplemental security income must demonstrate that they suffer from an impairment that prevents them from engaging in any substantial gainful activity for a twelve-month period.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In addition to meeting the requirements of these statutes, in order to be eligible for disability payments or supplemental security income, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act.  20 C.F.R. § 404.1 *et seq.*; 20 C.F.R. § 416.101 *et seq.*

Under the regulations, the Commissioner uses a five-step procedure to determine if a claimant is disabled.  *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(1).  First, the Commissioner determines whether the claimant is working.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is "working and the work [the claimant is] doing is substantial gainful activity," the Commissioner will find that the claimant is not disabled.  *Id.* §§ 404.1520(b), 416.920(b).  Second, the Commissioner determines the severity of the claimant's impairment or combination of impairments.  *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  A claimant must have a "severe impairment" which is one that "significantly limits [a claimant's] physical or mental ability to do basic work activities."  *Id.* §§ 404.1520(c), 416.920(c).  Third, the Commissioner determines whether the claimant's severe impairment(s) meets or equals an impairment listed in Appendix 1 to subpart P of Part 404 of the regulations (the "Listing").  *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  Fourth, the Commissioner determines whether the claimant's residual functional capacity ("RFC") can meet the physical and mental demands of past work.  *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  Fifth and

3

finally, the Commissioner determines whether the claimant's RFC, age, education, and past work experience prevent the performance of any other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In arriving at a decision, the Commissioner must consider the combined effects of all of the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Id.* §§ 404.1523(c), 416.923(c). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Cooper v. Comm'r of Soc. Sec.*, 521 F. App'x 803, 806 (11th Cir. 2013) (per curiam).

## ADMINISTRATIVE PROCEEDINGS

Plaintiff filed for disability insurance benefits and supplemental security income on September 8, 2017, alleging that she became disabled to work on July 20, 2016. Her claims were denied initially on January 9, 2018, and upon reconsideration on April 19, 2018. She timely requested an evidentiary hearing before an ALJ on June 11, 2018, and the hearing was held on September 11, 2019. Plaintiff appeared at the hearing with her attorney and gave testimony, as did an impartial vocational expert ("VE"). Tr. 44. On November 4, 2019, the ALJ issued an unfavorable decision denying Plaintiff's applications. Tr. 41-58. Plaintiff next sought review by the Appeals Council but was denied on August 27, 2020. Tr. 1-3. Having exhausted the administrative remedies available to her under the Social Security Act, Plaintiff seeks judicial review of the Commissioner's final decision denying her applications. Her case is ripe for review. 42 U.S.C. §§ 405(g), 1373(c)(3).

## STATEMENT OF FACTS AND EVIDENCE

On the date she alleges that she became disabled to work, Plaintiff was forty years

old and classified as a "younger individual" under the Commissioner's regulations. Finding 7, Tr. 52; 20 F.C.R. §§ 404.1563, 416.963. She has a high school education and past relevant work as a meat wrapper. Findings 8, 6, Tr. 52, 51. In conducting the five-step sequential analysis of her claims for disability, the ALJ found, at step two, that Plaintiff had severe impairments of spine disorders, epilepsy, anxiety and obsessive compulsive disorder, and depressive, bipolar, and related disorders. Finding 3, Tr. 47. At step three, the ALJ determined that these impairments, considered both alone and in combination with one another, neither meet nor medically equal a listed impairment found in 20 C.F.R. Part 404, Subpart P, Appendix 1. Finding 4, Tr. 47-48. Between steps three and four, he determined that Plaintiff retains the RFC to perform light work with exertional, nonexertional, and postural limitations. Finding 5, Tr. 49-51. At step four, the ALJ found that this restricted RFC prevents Plaintiff from returning to her past relevant work. Finding 6, Tr. 51-52. At step five, however, the ALJ established through the testimony of the VE that Plaintiff can work as an assembler, marker, or office helper and that these jobs are available to her in the national economy. Finding 10, Tr. 52-53. The ALJ, therefore, found Plaintiff to not be disabled to work. Finding 11, Tr. 53.

## DISCUSSION

Plaintiff contends that the ALJ's decision is unsupported by substantial evidence because he did not incorporate limitations into the RFC from medical source evidence he found persuasive, nor did he explain his decision to omit such limitations. Pl.'s Br. 1, 9-17, ECF No. 17. She first points to a conclusion by a clinical psychologist, Dr. Ann Weitzman-Swann, that her "ability to maintain regular attendance is considered moderately

impaired by self-reported anxiety and depression." Tr. 586.  Plaintiff argues that the ALJ committed error by failing to find that this conclusion requires a specific limitation of absenteeism in the RFC.  Plaintiff provides no authority, however, for the proposition that merely because an adjudicator finds a source persuasive, he must accept it wholly and incorporate into his RFC assessment any and all limitations that source suggests.  To the contrary[3], the ALJ must only explain whether a source statement is persuasive considering its supportability in, and consistency with, the medical evidence as a whole.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  The ALJ met that standard.  To find otherwise, the Court would have to invade the province of the Commissioner and reweigh the evidence which is prohibited on judicial review.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).  The Court is limited to determining whether the Commissioner's decision is supported by substantial evidence, a standard which "is not high."  *Biestek v. Berryhill*, --U.S.--, 139 S.Ct. 1148, 1154 (2019).  Therefore, the ALJ did not err in his consideration of the statement provided by Dr. Weitzman-Swann.

Plaintiff also argues that the ALJ committed a similar error in addressing the statements of two other medical sources—Dr. Bell-Pringle and Dr. Tomori—who concluded that Plaintiff's nonexertional limitations may cause her to miss some work and that she is limited to brief, superficial contact with others.  Pl.'s Brief at 3, 12-13.  No

---

[3]  Because Plaintiff filed her applications after March 27, 2017, the Commissioner's revised regulations apply to the evaluation of her claims.  Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017); *see* 20 C.F.R. §§ 404.1520c, 416.920c.  These revised regulations do not require that the ALJ give specific evidentiary weight to a medical source's opinion.  20 C.F.R. §§ 404.1520c(a), 416.920c(a).

source who expressed a concern about Plaintiff's absenteeism, however, gave any specifics or attributed her possible absenteeism to anything other than self-reported limitations caused by anxiety and depression. Moreover, both Dr. Bell-Pringle and Dr. Tomori stated that Plaintiff can meet a regular work week with the limitation she asserts she has. The Court, therefore, finds no support in the medical evidence of record that the ALJ's ultimate finding that Plaintiff can work and that jobs exist which she can perform is wrong or speculative or unsupported by substantial evidence. Nor has Plaintiff argued that she cannot do the jobs identified and why, which is part of her burden of proof at the second prong of step five. *Williams v. Barnhart*, 140 F. App'x 932 (11th Cir. 2005).

Lastly, Plaintiff claims that the ALJ did not account for the exertional limitation suggested by Dr. Neway that she is restricted in her ability to stand. Pl.'s Br. 13. Plaintiff, however, has not shown that the limitation, which restricts her to "not stand for more than two hours at a time without sitting and not sit for more than one hour at a time without standing" is unaccounted for in the RFC formulation or prevents her from doing the jobs the VE identified. *Williams*, 140 F. App'x at 936-37. Plaintiff has clearly failed to meet her burden and her contentions lack merit.

## CONCLUSION

For the reasons stated above, the determination of the Social Security Commissioner is AFFIRMED.

SO ORDERED, this 14th day of December, 2021.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE